IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LENORA J. BLANTON,          :

    Plaintiff,           :

vs.                          :           CA 07-0254-C

MICHAEL J. ASTRUE,           :
Commissioner of Social Security,
                             :
    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security terminating her entitlement to supplemental security income benefits as of September, 2003. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 22 & 23 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's proposed report and

recommendation, the Commissioner's proposed report and recommendation, and the arguments of the parties at the November 19, 2007 hearing before the Court, it is determined that the Commissioner's decision terminating benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges continuing disability due to arthritis in the knees, low back pain, migraine headaches, heart palpitations, numbness in the hands, status-post cerebral vascular accident, major depressive disorder (recurrent), panic attacks, and dependent personality disorder. The Administrative Law Judge (ALJ) made the following relevant findings:

> 1.   The medical evidence establishes that the claimant currently has degenerative changes of the lumbar spine and knees.
>
> 2.   The medical evidence establishes that the claimant does not have an impairment or combination of impairments which meets or equals the severity of an impairment listed in Appendix 1, Subpart P, Regulations No. 4.
>
> 3.   The impairments present as of November 4, 1999, the time of the most recent favorable decision that the claimant was disabled, were degenerative arthritis and status post cerebral vascular accident.

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (Docs. 22 & 23 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

4. The medical evidence establishes that there has been improvement in the claimant's medical impairments since November 4, 1999.

5. This medical improvement is related to the claimant's ability to work.

6. The medical evidence establishes that the claimant currently has impairments, degenerative changes of the lumbar spine and knees, which are severe.

7. The claimant's allegations of disability are not credible for the reasons noted in the body of this decision.

8. The claimant has the residual functional capacity to perform the physical exertion requirements of work except for lifting and/or carrying objects weighing more than 20 pounds, standing and/or walking for more than about two hours in a work day, and sitting for more than about six hours in a work day. The evidence does not establish any non-exertional limitations or restrictions.

9. The claimant is unable to perform her past relevant work as a cashier and waitress.

10. Beginning in September, 2003, the claimant had the residual functional capacity for a wide range of sedentary work.

11. As of September, 2003, the claimant was 37 years old, which is defined as a younger individual.

12. The claimant has a limited education.

13. In view of the claimant's age, education, and residual functional capacity, the issue of transferable work skills is not material to this decision.

> 14. Section 416.969 of Regulations No. 16, and Rules 201.24, 201.25, and 201.26, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4, direct a conclusion that, considering the claimant's residual functional capacity, age, education, and work experience, she is no longer disabled.
>
> 15. The claimant's disability ceased in September, 2003.

(Tr. 19-20)  The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

The standard for termination of benefits in this circuit has long been established. *See McAulay v. Heckler*, 749 F.2d 1500 (11th Cir. 1985).

> This court has held that there can be no termination of benefits unless there is substantial evidence of improvement to the point of no disability. *Simpson v. Schweiker*, 691 F.2d 966, 969 (11th Cir. 1982). Additionally, this court has held that a comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement. *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984).

*Id*. Plaintiff contends that the following errors were made in this case: (1) the ALJ failed to fully and fairly develop the record of the unrepresented plaintiff; (2) the ALJ failed to adequately compare the original medical evidence with the new medical evidence in determining if there was medical improvement; (3) the ALJ erred in mechanically applying the grids in light of her mental

impairments; and (4) the ALJ erred in failing to properly assess her pain. Because the Court finds that the ALJ failed to fully and fairly develop the record in this case, the other assignments of error raised by the plaintiff are not addressed herein. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

The law in this circuit is clear that the ALJ's duty to develop a full and fair record is heightened when a claimant is unrepresented by counsel. *Compare Graham v. Apfel*, 129 F.3d 1420, 1422 & 1423 (11th Cir. 1997) ("[W]here the right to representation has not been waived, the hearing examiner's obligation to develop a full and fair record rises to a special duty. . . . This special duty requires the ALJ to 'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts' and to be 'especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.'") *with Brown v. Shalala*, 44 F.3d 931, 935 & 935 n.7 (11th Cir. 1995) ("Even if we agreed that Brown did effectively renounce her right to counsel, there remains the question of whether the ALJ fulfilled his duty to develop the record. The magistrate judge erroneously treated Brown's waiver as dispositive of the issue of whether she received a full and fair

hearing."). In this case, the Court finds that the ALJ failed to develop a full and fair record both because he failed to obtain records of treatment about which Blanton testified[2] and because he failed to follow the HALLEX and submit to Blanton for her comments and objections the post-hearing evidence, as he promised during the hearing (Tr. 260 ("Well the reason they're about to cut you off, your medical evidence doesn't support your claim, as you well know. I'm going to send you to two [] doctors to see if I can get some medical evidence to help you. . . . You watch your mail, and you be sure to go to the examinations and tell them what your problems are. They'll fill out some forms telling me what you can do and what you can't do, and they'll send that to me. **I'll send you copies of it**. Then I'll issue a decision.") (emphasis supplied)).

The Hearings, Appeals and Litigation Law Manual ("HALLEX") is a

---

[2]     Blanton specifically testified that she saw her doctor the week before the September 27, 2005 hearing. (*Compare* Tr. 259 *with* Tr. 253) "I went to the doctor last week, and it's gotten to where when I stand up and wash the dishes or sweep the floor my leg goes numb all the way down, and my hands go numb." (Tr. 259) A clear implication from this testimony is that the recent records from plaintiff's treating physician would support her testimony that her legs and hands go numb when she engages in certain physical activity, thereby impacting her ability to engage in work activity. Accordingly, given the evidentiary gap in the record (*see* Tr. 16 (identifying some medical records from 2003, a sole MRI from 2004, no evidence from 2005, and, from 2006, only the post-hearing records from two consultative physicians)) this Court cannot find that there is no likelihood of unfair prejudice to the plaintiff. *See Brown, supra*, 44 F.3d at 936, n.9 ("The likelihood of unfair prejudice to a claimant may arise [] where[,] as here, the evidentiary gap involves recent medical treatment, which the claimant contends supports her allegations of disability[.]").

policy manual written by the Social Security Administration to provide policy and procedural guidelines to ALJs and other staff members. *See Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000). The HALLEX recognizes that most post-hearing actions taken by ALJs involve the development and receipt of additional evidence. *HALLEX*, Chapt. I-2-7-1.

> When an Administrative Law Judge (ALJ) receives additional evidence after the hearing from a source other than the claimant or the claimant's representative, and proposes to admit the evidence into the record, the ALJ must proffer the evidence, i.e., give the claimant and representative the opportunity to examine the evidence and comment on, object to, or refute the evidence by submitting other evidence, requesting a supplemental hearing, or if required for a full and true disclosure of the facts, cross-examining the author(s) of the evidence.

*Id.*; *see also HALLEX,* Chapt. I-2-7-30.A. ("The Administrative Law Judge (ALJ) must proffer all posthearing evidence unless: • The evidence was submitted by the claimant or the claimant's representative and there is no other claimant to the hearing. • The claimant has knowingly waived his or her right to examine the evidence[3] . . . . • The ALJ proposes to issue a fully favorable

---

[3] "If the ALJ decides at or after the hearing that additional evidence is needed for a full and fair inquiry into the matters at issue, the ALJ will direct the HO staff to undertake the necessary development and inform the claimant of the evidence that is being developed. The ALJ will also inform the claimant that he or she will be given an opportunity to examine and comment on, object to, or refute the evidence by submitting other evidence, requesting a supplemental hearing, or if required for a full and true disclosure of the facts, cross-examining the author(s) of the evidence. A claimant may waive the right to examine additional evidence. However, the ALJ must neither encourage nor discourage waiver. If a claimant decides to waive

decision." (footnote added)) The manual instructs that "[i]f the claimant requests a supplemental hearing, the ALJ **must grant the request**, unless the ALJ receives additional documentary evidence that supports a fully favorable decision." *HALLEX,* Chapt. I-2-7-30(H) (emphasis supplied).

In *Newton v. Apfel*, 209 F.3d 448 (2000), the Fifth Circuit determined that "[w]hile HALLEX does not carry the authority of law, this court has held that 'where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required.'" *Id.* at 459, quoting *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981).[4] Should a violation of the HALLEX prejudice the claimant, "the result cannot stand." *Newton, supra*, 209 F.3d at 459, citing *Hall*, 660 F.2d at 119.

This Court finds that plaintiff was prejudiced by the ALJ's failure to proffer the post-hearing examinations conducted by Drs. C.E. Smith and William A. Crotwell to her for comment and objection because the ALJ told

---

such right, the waiver must be made either on the record at the hearing or in writing. . . . If a claimant has waived the right to examine additional evidence, the ALJ may enter it into the record without proffering it. However, if the ALJ believes the claimant should examine it, the ALJ should proffer it notwithstanding the waiver." *HALLEX,* Chapt. I-2-7-15.

[4]     All decisions of the former Fifth Circuit handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981). The Fifth Circuit handed down its decision in *Hall, supra*, on September 9, 1981. 660 F.2d at 116.

the claimant at the hearing that he would send her copies of these reports (Tr. 260) and the ALJ relied upon this information in finding that there had been medical improvement in claimant's medical impairments related to her ability to work (*compare* Tr. 16 ("In May, 2006, Dr. Crotwell . . . found that [the claimant] could sit, stand or walk for an hour at one time. She could sit for an entire eight hour work day, she could stand for four hours during a work day, and she could walk for three hours during a work day. He noted she could lift objects weighing 25 pounds and she could frequently lift objects weighing 20 pounds. She could carry objects weighing 20 pounds, and she could frequently carry objects weighing 10 pounds. Dr. Crotwell indicated the claimant had no limitations concerning the use of her upper or of her lower extremities. She could not squat, crawl, or climb but she could occasionally bend and she could frequently reach. . . . In May, 2006, Dr. Smith noted the claimant's history. He noted that, from the evidence of record, the claimant had many complaints but he specified that, from a psychiatric point o[f] view, the claimant made a good impression. He noted the claimant could remember and carry out even complex instructions . . . .") *with* Tr. 20 ("The claimant has the residual funcitonal capacity to perform the physical exertion requirements of work except for lifting and/or carrying objects weighing more than 20 pounds,

standing and/or walking for more than about two hours in a work day, and sitting for more than about six hours in a work day. The evidence does not establish any non-exertional limitations or restrictions.")). *See Demenech v. Secretary of the Dept. of Health & Human Servs.,* 913 F.2d 882, 884 (11th Cir. 1990) ("[I]t violates a claimant's right to procedural due process for the Secretary to deny a claimant Social Security benefits based upon post-hearing medical reports without giving the claimant an opportunity to subpoena and cross-examine the authors of such reports."). The ALJ's reliance upon the post-hearing examinations of Drs. Crotwell and Smith stands in stark contrast to his failure to obtain updated medical records from the treating physician plaintiff saw the week prior to the hearing (*see* Tr. 259). Accordingly, the undersigned finds that the ALJ's decision in this case terminating claimant's benefits cannot stand; this case must be remanded to the Commissioner of Social Security for additional administrative proceedings.

## CONCLUSION

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this

decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 21st day of November, 2007.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**